# EXHIBIT A

Exhibit A

## Case Information

DC-21-01026 | JENNIFER MCLEANet al vs. CASSIDY DURAN, MDet al

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-21-01026 | 134th District Court | TILLERY, DALE |
| File Date | Case Type | Case Status |
| 01/25/2021 | MEDICAL MALPRACTICE | CLOSED |

## Party

PLAINTIFF
MCLEAN, JENNIFER

Active Attorneys ▾
Lead Attorney
MERMAN, DEREK S.
Retained

PLAINTIFF
DOBESH, CRAIG

Active Attorneys ▾
Lead Attorney
MERMAN, DEREK S.
Retained

DEFENDANT
DURAN, CASSIDY, MD

Address
6159 VELASCO AVENUE
DALLAS TX 75214

Active Attorneys ▾
Lead Attorney
STEPHENSON, JON W
Retained

DEFENDANT
RUSSELL C. LAM, MD., P.A.

Address

Active Attorneys ▾
Lead Attorney
STEPHENSON, JON W

REGISTERED AGENT WILLIAM W. MEYER III                    Retained
1445 ROSS AVENUE STE. 2400
DALLAS TX 75202

## Disposition Events

05/06/2021 Judgment ▾

ORDER FOR NONSUIT

Judicial Officer
TILLERY, DALE

Judgment Type
NON-SUIT/DISMISSAL BY PLAINTIFF / PETITIONER

Judgment

Total Judgment: of $0.00

Awarded To: MCLEAN, JENNIFER, et al

Awarded Against: DURAN, CASSIDY, MD, et al

## Events and Hearings

01/25/2021 NEW CASE FILED (OCA) - CIVIL

01/25/2021 ORIGINAL PETITION ▾

ORIGINAL PETITION

---

01/25/2021 REQUEST FOR SERVICE ▾

REQUEST FOR SERVICE

REQUEST FOR SERVICE

REQUEST FOR SERVICE

REQUEST FOR SERVICE

REQUEST FOR SERVICE

---

01/25/2021 ISSUE CITATION ▾

ISSUE CITATION - LAM VASCULAR & ASSOCIATES MANAGEMENT COMPANY, LLC

ISSUE CITATION - DALLAS VASCULAR GROUP, P.L.L.C.

ISSUE CITATION - VASCULAR ASSOCIATES OF AMERICA, L.L.C.

---

01/25/2021 JURY DEMAND

---

01/29/2021 CITATION ▾

Served
02/09/2021

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
02/23/2021
Comment
CASSIDY DURAN, MD

---

01/29/2021 CITATION ▾

Served
02/09/2021

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
02/23/2021
Comment
LAM VASCULAR & ASSOCIATES MANAGEMENT COMPANY, LLC

---

01/29/2021 CITATION ▾

Served
02/09/2021

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
02/23/2021
Comment
DALLAS VASCULAR GROUP, P.L.L.C.

---

01/29/2021 CITATION ▾

Served
02/09/2021

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
02/23/2021
Comment
RUSSELL C. LAM, M.D., P.A.

---

01/29/2021 CITATION ▾

Served
02/09/2021

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
02/23/2021
Comment
VASCULAR ASSOCIATES OF AMERICA, L.L.C.

---

02/02/2021 NOTICE OF DISMISSAL FOR WANT OF PROSECUTION ▾

DC-21-01026 NDWOP.pdf

Comment
NOTICE OF DISMISSAL FOR WANT OF PROSECUTION

---

02/23/2021 RETURN OF SERVICE ▾

Comment
EXCUTED CITATION CASSIDY DURAN

02/23/2021 RETURN OF SERVICE ▾

EXCUTED CITATION DALLAS VASCULAR GROUP P.L.L.C.

Comment
EXCUTED CITATION DALLAS VASCULAR GROUP P.L.L.C.

02/23/2021 RETURN OF SERVICE ▾

EXCUTED CITATION LAM VASCULAR & ASSOCIATES MANAGMENT COMPANY LLC

Comment
EXCUTED CITATION LAM VASCULAR & ASSOCIATES MANAGMENT COMPANY LLC

02/23/2021 RETURN OF SERVICE ▾

EXCUTED CITATION RUSSELL C LAM MD

Comment
EXCUTED CITATION RUSSELL C LAM MD

02/23/2021 RETURN OF SERVICE ▾

EXCUTED CITATION VASCULAR ASSOCIATES OF AMERICA , L.L.C.

Comment
EXCUTED CITATION VASCULAR ASSOCIATES OF AMERICA , L.L.C.

03/05/2021 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER

03/16/2021 NOTICE OF NONSUIT ▾

NONSUIT NOTICE

Comment
PARTIAL

03/16/2021 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

PROPOSED NONSUIT ORDER

Comment
PROPOSED PARTIAL NONSUIT ORDER

03/17/2021 ORDER - PARTIAL NONSUIT ▾

NONSUIT ORDER

Comment
AS TO LAM VASCULAR & ASSOCIATES MANAGEMENT COMPANY, LLC:, DALLAS VASCULAR
GROUP, P.L.L.C. AND VASCULAR ASSOCIATES OF AMERICA, L.L.C.

---

03/26/2021 OBJECTION ▾

OBJECTION TO CHAPTER 74 REPORT

Comment
OBJECTION TO CHAPTER 74 REPORT

---

03/29/2021 DISMISSAL FOR WANT OF PROSECUTION ▾

134thDWOP-Rule 165A Letter

Judicial Officer
TILLERY, DALE

Hearing Time
10:00 AM

Cancel Reason
BY COURT ADMINISTRATOR

---

03/30/2021 MOTION - QUASH ▾

DEFENDANTS-MOTION TO QUASH

Comment
NOTICE OF DEPOSITION OF JENNIFER MCLEAN

---

03/30/2021 NOTICE OF TRIAL ▾

NOTICE OF TRIAL

---

03/30/2021 SCHEDULING ORDER ▾

SCHEDULING ORDER

Comment
UNIFORM SCHEDULING ORDER (LEVEL 2)

---

04/07/2021 CERTIFICATE OF DEPOSITION ▾

CERTIFICATE OF DEPOSITION

Comment
FORT WORTH HEART

---

04/12/2021 CERTIFICATE OF DEPOSITION ▾

CERTIFICATE OF DEPOSITION

Comment
SOUTHWEST DIAGNOSTIC IMAGING CENTER - RADIOLOGY

04/15/2021 CERTIFICATE OF DEPOSITION ▾

CERTIFICATE OF DEPOSITION

Comment
CVS PHARMACY

04/19/2021 CERTIFICATE OF DEPOSITION ▾

CERTIFICATE OF DEPOSITION BY WRITTEN QUESTIONS - TEXAS INSTITUTE FOR SURGERY - MEDICAL

Comment
CERTIFICATE OF DEPOSITION BY WRITTEN QUESTIONS - TEXAS INSTITUTE FOR SURGERY - MEDICAL

04/20/2021 CERTIFICATE OF DEPOSITION ▾

CERTIFICATE OF DEPOSITION

Comment
GREATER DALLAS ORTHOPAEDICS

04/21/2021 CERTIFICATE OF DEPOSITION ▾

CERTIFICATE OF DEPOSITION

Comment
COLLEGE PARK PHARMACY

04/26/2021 CERTIFICATE OF DEPOSITION ▾

DEPOSITION - GATEWAY DIAGNOSTIC IMAGING

Comment
- GATEWAY DIAGNOSTIC IMAGING

04/26/2021 CERTIFICATE OF DEPOSITION ▾

DEPOSITION - GATEWAY DIANOSTIC IMAGING - RADIOLOGY

Comment
- GATEWAY DIAGNOSTIC IMAGING - RADIOLOGY

05/03/2021 CERTIFICATE OF DEPOSITION ▾

CERTIFICATE OF DEPOSITION

Comment
TEXAS HEALTH HARRIS METHODIST HOSPITAL FORT WORTH - RADIOLOGY

05/04/2021 NOTICE OF NONSUIT ▾

NOTICE OF NONSUIT

Comment
PLAINTIFFS NOTICE OF NON-SUIT AGAINST DEFENDANTS, CASSIDY DURAN, M.D. AND
RUSSELL C. LAM, M.D., P.A.

05/04/2021 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER FOR NONSUIT

Comment
PROPOSED ORDER FOR NONSUIT

05/07/2021 NOTE - CLERKS ▾

COVER SHEET

COVER SHEET

Comment
MAILED COVER SHEETS AND ORDER OF NONSUIT TO PLAINTIFF/DEFENDANTS' ATTORNEYS

12/13/2021 Jury Trial - Civil ▾

134th Trial Notice Letters

134th Trial Notice Letters

Judicial Officer
TILLERY, DALE

Hearing Time
9:00 AM

Cancel Reason
CASE CLOSED

## Financial

MCLEAN, JENNIFER

|  |  |  |  |  |
|---|---|---|---|---|
| | Total Financial Assessment | | | $372.00 |
| | Total Payments and Credits | | | $372.00 |
| 1/27/2021 | Transaction Assessment | | | $372.00 |
| 1/27/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 5286-2021-DCLK | MCLEAN, JENNIFER | ($372.00) |

## Documents

ORIGINAL PETITION

REQUEST FOR SERVICE

REQUEST FOR SERVICE

REQUEST FOR SERVICE

REQUEST FOR SERVICE

REQUEST FOR SERVICE

ISSUE CITATION - LAM VASCULAR & ASSOCIATES MANAGEMENT COMPANY, LLC

ISSUE CITATION - DALLAS VASCULAR GROUP, P.L.L.C.

ISSUE CITATION - VASCULAR ASSOCIATES OF AMERICA, L.L.C.

134thDWOP-Rule 165A Letter

DC-21-01026 NDWOP.pdf

EXCUTED CITATION DALLAS VASCULAR GROUP P.L.L.C.

EXCUTED CITATION LAM VASCULAR & ASSOCIATES MANAGMENT COMPANY LLC

EXCUTED CITATION RUSSELL C LAM MD

EXCUTED CITATION VASCULAR ASSOCIATES OF AMERICA , L.L.C.

ORIGINAL ANSWER

NONSUIT NOTICE

NONSUIT ORDER

PROPOSED NONSUIT ORDER

OBJECTION TO CHAPTER 74 REPORT

DEFENDANTS-MOTION TO QUASH

134th Trial Notice Letters

134th Trial Notice Letters

NOTICE OF TRIAL

CERTIFICATE OF DEPOSITION

CERTIFICATE OF DEPOSITION

CERTIFICATE OF DEPOSITION

CERTIFICATE OF DEPOSITION BY WRITTEN QUESTIONS - TEXAS INSTITUTE FOR SURGERY - MEDICAL

CERTIFICATE OF DEPOSITION

CERTIFICATE OF DEPOSITION

DEPOSITION - GATEWAY DIAGNOSTIC IMAGING

DEPOSITION - GATEWAY DIANOSTIC IMAGING - RADIOLOGY

CERTIFICATE OF DEPOSITION

NOTICE OF NONSUIT

ORDER FOR NONSUIT

COVER SHEET

COVER SHEET

PROPOSED ORDER FOR NONSUIT

SCHEDULING ORDER

# EXHIBIT B

**Exhibit B**

FILED
8/3/2021 10:42 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Gay Lane DEPUTY

Case 3:21-cv-02143-G   Document 1-2   Filed 09/09/21   Page 13 of 30   PageID 19
1 CIT/ ES/ JURY DEMAND

DC-21-10126

CAUSE NO. _____

| | | |
|---|---|---|
| **LASANDRA BUSBY DAVIS,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | 101st |
| **vs.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **QUIKTRIP CORPORATION d/b/a** | § | |
| **QUIKTRIP #971,** | § | |
| *Defendant.* | § | **DALLAS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, **LASANDRA BUSBY DAVIS,** hereafter "Plaintiff," complaining of and about

**QUIKTRIP CORPORATION d/b/a QUIKTRIP #971,** here after collectively "Defendant," and for

cause of action shows unto the Court the following:

### I.   DISCOVERY CONTROL PLAN LEVEL

1.      This lawsuit shall be conducted pursuant to Texas Rules of Civil Procedure Rule 190 under

Texas Rules of Civil Procedure Rule 190.4.

### II.   PARTIES AND SERVICE

2.      Plaintiff **LASANDRA BUSBY DAVIS** is an individual who resides in Dallas County,

Texas, and the last three digits of her social security are 944 and the last three digits of her driver's license

are 739.

3.      Defendant **QUIKTRIP CORPORATION d/b/a QUIKTRIP #971** is a domestic

corporation organized and existing under the laws of the State of Oklahoma and is authorized to do

business in Texas and may be served with process by serving its registered agent for service of process, C

T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, under the authority of Texas

Civil Practice & Remedies Code section 17.024(b).  Plaintiff requests service by private process server.

### III.   JURISDICTION AND VENUE

4.     The subject matter in controversy is within the jurisdictional limits of this court.

5.     This court has jurisdiction over the parties because the Defendant purposely availed itself of the benefits and protections of doing business in the state of Texas, and the tort in controversy took place entirely in the state of Texas.

6.     Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV.   FACTS

7.     On or about August 1, 2020, Plaintiff pumped fuel at the Defendant's store located at 4767 S. R.L. Thornton Freeway, Dallas, Dallas County, Texas. Plaintiff walked into the store, and on her way back to her vehicle which was parked at pump area #16, Plaintiff slipped and fell in standing oil on the ground. The parking lot is in the exclusive management, control, and possession of Defendant **QUIKTRIP CORPORATION d/b/a QUIKTRIP #971**.

### V.   DEFENDANT QUIKTRIP CORPORATION– PREMISES LIABILITY

8.     At all times pertinent to this cause of action Defendant owned, operated, controlled, or had the right to control the premises at issue and knew or should have known of the unreasonably dangerous condition on the premises. Defendant breached its duties of ordinary care to Plaintiff as licensee and proximately caused Plaintiff's injuries and damages. The Defendant, if private persons, would be liable under Texas law. Specifically, the negligent acts and omissions of Defendant include, but are not limited to:

    a)     Creating a dangerous condition on the premises at issue;

    b)     Allowing a dangerous condition to exist on the premises at issue;

c)   Failing to guard Plaintiff or others in Plaintiff's position from the unreasonably dangerous condition;

d)   Failing to correct the dangerous condition;

e)   Failing to reasonably maintain the premises at issue in a safe condition;

f)   Failing to reasonably inspect the premises at issue;

g)   Failing to act as a reasonable premise's owner and/or occupier;

h)   Failing to warn Plaintiff of the dangerous condition;

i)   Failing to warn Plaintiff or others in Plaintiff's position of the risk of injury presented by the dangerous condition;

j)   Failing to direct Plaintiff or others in Plaintiff's position around the dangerous condition; and

k)   Engaging in negligent activities that proximately caused the incident at issue and the injuries resulting therefrom.

9.   Alternatively, Defendant is liable for Plaintiff's injuries under the Texas Civil Practice and Remedies Code Section 75.002(c).  At all times pertinent to this cause of action the Defendant owned, operated, or maintained the premises at issue that contained an unreasonably dangerous condition. Defendant breached its duty to Plaintiff by the acts and omissions stated above and injured Plaintiff through negligence, gross negligence, malicious intent, or bad faith.  The Defendant, if private persons, would be liable under Texas law.

## VI.   DEFENDANT– RESPONDEAT SUPERIOR

10.   Under the theory of *respondeat superior*, Defendant is liable for the actions of their agents, servants and/or employees acting within the course and scope of their authority as agents, servants and/or employees of Defendant when the negligence occurred.

## VII.   PLAINTIFF'S DAMAGES

11.   As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff

was caused to suffer severe bodily injuries and to incur the following damages:

a)   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the county where service was provided;

b)   Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

c)   Physical pain and suffering in the past;

d)   Physical pain and suffering which will, in all reasonable probability, be suffered in the future;

e)   Mental anguish in the past;

f)   Mental anguish which will, in all reasonable probability, be suffered in the future;

g)   Physical impairment in the past;

h)   Physical impairment which will, in all reasonable probability, be suffered in the future;

i)   Physical disfigurement

j)   Physical disfigurement which will, in all reasonable probability, be suffered in the future.

## VIII.   INTENT TO USE DEFENDANT'S DOCUMENTS

12.   In accordance with Texas Rules of Civil Procedure 193.7, any documents produced by

Defendant in response to written discovery will be used by Plaintiff at any pre-trial proceeding or trial.

## IX.   JURY DEMAND

13.   Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendant

be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for

the Plaintiff against Defendant for damages for monetary relief of $100,000.00 or more, together with pre-

judgment interest from the date of injury through the date of judgment at the maximum rate allowed by

law; post-judgment interest at the highest legal rate until the time the judgment is paid; costs of court; and

such other and further relief to which Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,

**J. ALEX LAW FIRM, P.C.**

By:

**JOSH W. ALEXANDER**
Texas Bar No. 24086984
Email: eservice@jalexlawfirm.com
**ROBERT B. MOSS**
Texas Bar No. 24113558
Email: robert@jalexlawfirm.com
13601 Preston Road
West Tower, Suite 600W
Dallas, Texas 75240
Phone: (972) 535-5700
Fax: (855) 465-9093

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT C

**Exhibit C**

## CT Corporation

**Service of Process Transmittal**
08/11/2021
CT Log Number 540062744

| | |
|---|---|
| **TO:** | Marshall Wells<br>QuikTrip Corporation<br>4705 S 129th East Ave<br>Tulsa, OK 74134-7008 |

**RE:** **Process Served in Texas**

**FOR:** QuikTrip Corporation  (Domestic State: OK)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LASANDRA BUSBY DAVIS, PLTF. vs. QUIKTRIP CORPORATION, ETC., DFT.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # DC2110126 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/11/2021 at 15:11 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/11/2021, Expected Purge Date: 08/16/2021<br><br>Image SOP<br><br>Email Notification,  Kristen Snow  ksnow@quiktrip.com<br><br>Email Notification,  Ronald Collins  rcollins@quiktrip.com<br><br>Email Notification,  Marshall Wells  mwells@quiktrip.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**       Wed, Aug 11, 2021

**Server Name:**     Alan Davis

| | |
|---|---|
| Entity Served | QUIKTRIP CORPORATION |
| Case Number | DC-21-10126 |
| Jurisdiction | TX |



**ESERVE**

**CITATION**

DC-21-10126

LASANDRA BUSBY DAVIS
vs.
QUIKTRIP CORPORATION

ISSUED THIS
**10th day of August, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: FERNANDO SOTO, Deputy

**Attorney for Plaintiff**
**JOSHUA W ALEXANDER**
J ALEX LAW FIRM PC
13601 PRESTON RD
WEST TOWER STE 600 W
DALLAS TX 75240
972-535-5700
josh@jalexlawfirm.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

---

# FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:   **QUIKTRIP CORPORATION**
**BY SERVING ITS REGISTERED AGENT C T CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **101st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **LASANDRA BUSBY DAVIS**

Filed in said Court **3rd day of August, 2021** against

**QUIKTRIP CORPORATION D/B/A QUICKTRIP #971**

For Suit, said suit being numbered **DC-21-10126,** the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of August, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
       FERNANDO SOTO

#

# OFFICER'S RETURN

Case No. : DC-21-10126

Court No.101st District Court

Style: LASANDRA BUSBY DAVIS

vs.

QUIKTRIP CORPORATION

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____.M. on the _____ o'clock _____.M. Executed at

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____

20 _____, by delivering to the within named _____,

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation    $ _____

For mileage    $ _____    of _____ County, _____

For Notary    $ _____    By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____ Notary Public

#    _____ County

#

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 56156565
Status as of 8/10/2021 10:41 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JOSHUA WALEXANDER | | eservice@jalexlawfirm.com | 8/10/2021 10:41:12 AM | SENT |

# EXHIBIT D

**Exhibit D**

CAUSE NO. DC-21-10126

| | | |
|---|---|---|
| LASANDRA BUSBY DAVIS | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 101st JUDICIAL DISTRICT |
| | § | |
| QUIKTRIP CORPORATION D/B/A | § | |
| QUIKTRIP #971, | § | DALLAS COUNTY, TEXAS |
| Defendant. | § | |

**DEFENDANT'S VERIFIED DENIAL, AND SUBJECT THERETO, ORIGINAL ANSWER**

COMES NOW, Defendant QuikTrip Corporation d/b/a QuikTrip #971 ("QuikTrip" or "Defendant"), in the above-entitled and numbered cause, filing its Verified Denial, and Subject Thereto, Original Answer, and in support thereof, would respectfully show as follows:

**I.**
**VERIFIED DENIAL**

1.      By way of verified denial pursuant to Texas Rule of Civil Procedure 93, QuikTrip denies that Plaintiff is entitled to recover from "QuikTrip Corporation d/b/a QuikTrip #971" in the capacity in which it has been sued. QuikTrip denies that "QuikTrip Corporation d/b/a QuikTrip #971" is an existing entity or that it owned or operated the premises at issue at any relevant time. Consequently, Plaintiff has no right or potential right of recovery against "QuikTrip Corporation d/b/a QuikTrip #971" because it has not been properly named. *See, e.g., Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006).

**II.**
**GENERAL DENIAL**

2.      Defendant denies each and every material allegation contained in Plaintiff's Original Petition, and all amendments and supplements thereto, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts

by a preponderance of the evidence and/or clear and convincing evidence to a jury, if she can so do.

## III.
## DEFENSES

3.       Defendant specifically denies Plaintiff's claims that it was  negligent, and Defendant denies that Plaintiff has stated a viable cause of action for negligence.

4.       Defendant asserts that Plaintiff's contributory negligence, actions, or omissions were the sole, producing, or proximate cause of Plaintiff's damages or injuries, if any, as Plaintiff failed to keep a proper lookout for the alleged unreasonably dangerous condition.

5.       To the extent applicable, Defendant may show that the acts or omissions of third persons not under the control of Defendant were the sole, producing, or proximate cause of Plaintiff's damages or injuries, if any.

6.       Defendant asserts that it had neither actual nor constructive knowledge of the condition about which Plaintiff complains and that, in any event, the alleged hazard was not "unreasonably dangerous."

7.       Defendant may alternatively show that it adequately warned Plaintiff of the condition, or that the condition was open and obvious, relieving Defendant of any duty to warn of the condition or make it safe.

8.       Defendant may further show that the damages of which Plaintiff complains, if any, were the result of prior, pre-existing, or subsequent injuries, accidents or conditions, and said prior, pre-existing, or subsequent injuries, accidents, or conditions were the sole or a contributing cause of Plaintiff's damages, if any.

9.      Defendant may further show that Plaintiff breached his duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

10.     Defendant may further show that Plaintiff is malingering as that term is known in the law.

11.     Defendant may further show that the accident complained of was an unavoidable accident as that term is known in law.

12.     Defendant further asserts that any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

13.     Defendant asserts that it is entitled to contribution, indemnity, and all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law, in the unlikely event that an adverse judgment is rendered against them in this matter.

14.     Defendant contends that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

15.     Defendant asserts that Plaintiff has failed to satisfactorily plead, present, or prove a claim which would entitle him to an award of exemplary damages and, as such, Defendant contends that any such contention be stricken and that any such award be set aside.

16.     Defendant further pleads the defense of unconstitutionality and says any award of exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and the similar provisions of the Texas Constitution. Furthermore, the imposition of exemplary damages constitutes an excessive fine in violation of the Eighth Amendment, denies Defendant the equal protection of the laws under the Fourteenth Amendment, and violates the due process clauses of the Fifth and Fourteenth Amendments. Any claim by Plaintiff for exemplary damages should be stricken as unconstitutional and any award of exemplary damages should be set aside for the reasons stated above.

## IV.
## COURT REPORTER REQUESTED

17.     Defendant respectfully demands a court reporter be present at all proceedings before the Court.

## V.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully prays that Plaintiff take nothing by this cause of action, that Defendant be permitted to recover the costs expended on its behalf, and for such other and further relief to which Defendant may show itself justly entitled, in law or in equity.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Chris M. Blanton**
State Bar No. 00796218
cblanton@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**


### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on August 26, 2021.

/s/ B. Kyle Briscoe
**B. Kyle Briscoe**

**VERIFICATION**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TARRANT | § |

Before me, the undersigned authority, did personally appear B. Kyle Briscoe, who upon his oath deposes and says that he is one of the attorneys for Defendant, that he has never been convicted of a disqualifying crime, and that he is over the age of 21 and competent to make this verification. Accordingly, Mr. Briscoe verifies that the facts alleged in Paragraph 1 of the foregoing pleading are true and correct.

**B. Kyle Briscoe**

Subscribed and sworn to before me on this 26th day of August 2021.

NOTARY PUBLIC in and for the State of Texas

ELIZABETH CONTRERAS
Notary Public, State of Texas
Comm. Expires 02-06-2024
Notary ID 129335398